I fully concur in the well written and well reasoned majority opinion as to its analysis and disposition of appellant's first and second assignments of error.
I respectfully dissent from the majority's decision to sustain appellant's third assignment of error.
The majority concludes the trial court based its award of attorney fees upon the one-third contingency fee agreement between appellant and his attorneys. In support of its conclusion, the majority states, ". . . there is no indication the trial court considered the factors contained in DR2-106 when it awarded attorney fees based upon the contingency fee agreement . . ." (Majority Opinion at 14). I find the record is inapposite.
Following the submission of briefs and evidence[1], the trial court stated in its February 4, 1998 Entry:
 The Court approves the written one-third contingency fee agreement entered into by the plaintiffs and their attorneys (as approved by the Probate Court) in this matter. The Court further finds, when applying the standards of D.R. 2.106 of the Code of Professional Responsibility, in this case, and based upon the actual time spent by the Plaintiffs' attorneys and the results obtained, and the fee customarily charged in Guernsey County, Ohio for similar legal services, the one-third contingency fee is both reasonable and necessary.
While to award attorney fees based solely upon a contingency agreement constitutes an abuse of discretion, the Landis case cited in the majority opinion recognizes a contingency fee agreement may be the proper measure for attorney fees, provided the trial court considers the factors contained in DR2-106. The record demonstrates the trial court did so in the case sub judice. I find the trial court did not abuse its discretion in determining the amount of attorney fees awarded to appellee. Accordingly, I would overrule appellant's third assignment of error.
Finally, I respectfully dissent from the majority's decision to overrule cross-appellant's assignment of error.
Because the propriety of the jury's award of punitive damages is an issue directly raised by appellant on appeal, any further action by the trial court (new trial) on this issue would interfere with our appellate review of it. As such, I find appellant's filing of a timely notice of appeal tolled the time period within which cross-appellant had to accept or reject the remittitur.
The majority correctly notes the trial court's reliance upon the disparate relationship between the award of compensatory damages and punitive damages is improper under Villella v. WaikemMotors, Inc. (1989), 45 Ohio St.3d 36, 40. Furthermore, the trial court's comment the jury did not find cross-appellee acted with actual malice is immaterial given our discussion of appellant's first and second assignments of error, supra. If anything, such finding mitigates against an inference the jury's award was the result of passion or prejudice.[2]
Pursuant to this Court's decision in Betz v. Timken MercyMedical Center (1994), 96 Ohio App.3d 211, I do not find the damages awarded by the jury so manifestly against the weight of the evidence as to show a misconception by the jury of its duties.Howard v. City Loan and Savings (March 27, 1989), Green App. No. 88-CA-39, unreported, at 6-7.
Indeed, we must be "guided by a presumption that the findings of the trier-of-fact were indeed correct." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
Given the deference the trial court is required to give to a jury's verdict and the improper emphasis the trial court placed upon the disparity between the compensatory and punitive damages, I believe the trial court abused its discretion in ordering a remittitur. Accordingly, I would sustain cross-appellant's sole assignment of error and reinstate the jury's punitive damage award.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
[1] In addition to providing the trial court with evidence as to the actual time spent on the case, appellee submitted affidavits from three experienced trial lawyers as to the reasonable value of the services provided and the reasonableness of the one-third contingent fee.
[2] The trial court also commented upon the culpability of appellant's conduct, the award's impact on the cross-appellee's net earnings and its thoughts as to the proper ratio of punitive damages to compensatory damages (3 to 1). None of these factors directly address the issue of whether the jury's award was the result of passion or prejudice.